UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Civil Action No.     6:20-cv-02394

APRIL M. BONILLA,

    Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC.,

    Defendant,
_____/

## COMPLAINT

**NOW COMES** APRIL M. BONILLA, by and through her undersigned counsel, complaining of Defendant MIDLAND CREDIT MANAGEMENT, INC. as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §559.55 *et. seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. APRIL M. BONILLA ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this federal jurisdiction.

1

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8).

8. MIDLAND CREDIT MANAGEMENT, INC. ("MCM" or "Defendant") is a corporation organized under the laws of Kansas.

9. MCM has its principal place of business at 350 Camino De La Reina, Suite 300, San Diego, California 92108.

10. MCM is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of MCM's business is the collection of debt.

11. MCM is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

12. Defendant is a "debt collector" as defined by Fla. Stat. § 559.55(7).

## FACTUAL ALLEGATIONS

13. Plaintiff applied for and was approved for a Comenity Capital Bank Credit Card.

14. Over time, Plaintiff used the Comenity Capital Bank Credit Card for personal charges.

15. Due to unforeseen financial difficulties, Plaintiff defaulted on payments.

16. Upon information and belief, at the time of default, Plaintiff owed approximately $650.00 ("subject debt").

17. Upon information and belief, sometime thereafter Defendant purchased the account and began collection activity on the subject debt.

18. Plaintiff currently owes an alleged outstanding balance of approximately $1,146.78.

19. Plaintiff's $1,146.78 balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

20. During the course of the year, Plaintiff has been subject to Defendant's relentless collection call campaign.

21. Plaintiff has been subject to numerous days of upwards of five to eight collection calls a day.

22. In total, Defendant has placed dozens upon dozens unwanted collection phone calls to Plaintiff.

23. Defendant placed these calls from various phone numbers, including but not limited to the phone numbers of (877) 434-3807 and (800) 363-6676.

24. Additionally, on at least one occasion, MCM sent Plaintiff a debt collection letter enclosed in an envelope with the words "TIME SENSITIVE DOCUMENTS" printed on its exterior in bold font.

25. Upon reading "TIME SENSITIVE DOCUMENTS," Plaintiff immediately opened the envelope.

26. The letter contained information regarding Plaintiff's subject debt balance that MCM sought to collect from Plaintiff.

27. The letter is a "communication" as defined by 15 U.S.C. § 1692(a)(2) as it conveys information regarding Plaintiff's subject debt balance directly to Plaintiff.

28. The envelope's inclusion of the words "TIME SENSITIVE DOCUMENTS" on its exterior created a false sense of urgency for Plaintiff who was unable to afford to make a payment; leading to needless emotional distress.

29. As a result of Defendant's illegal collection practices, Plaintiff was deprived of her statutorily guaranteed FDCPA rights.

30. Plaintiff was deprived of material information regarding the subject debt which did not allow her to make a full and complete assessment of Defendant's collection activity as the FDCPA requires.

31. Plaintiff's inability to make a full and complete assessment free of any unfair or unconscionable means is a material misrepresentation that impacted her decision making process regarding the subject debt.

32. Concerned with Defendant's abusive debt collection practices, Plaintiff retained counsel to file this action to compel Defendant to cease its abusive conduct.

## CLAIMS FOR RELIEF

### COUNT I:

### Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*)

33. Paragraphs 13-32 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein

### Violations of FDCPA §1692d

34. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

35. Section 1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

36. Defendant violated §§ 1692d and d(5) when it placed dozens upon dozens of collection calls to Plaintiff.

37. Defendant's behavior of systematically calling Plaintiff's cellular phone number in an attempt to collect the subject debt was harassing and abusive.

4

**Violation(s) of 15 U.S.C. § 1692f**

38. Section 1692f prohibits a debt collector from using "unfair or unconscionable means" to collect a debt. 15 U.S.C. § 1692f.

39. The statute sets out a nonexclusive list of conduct that qualifies as unfair or unconscionable. Id.

40. Subpararaph (8) prohibits the following conduct:

> [u]sing any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

*Id*. § 1692f(8).

41. Section 1692f(8) regulates language "on any envelope." Id.

42. The text of § 1692f(8) is unequivocal. "[A]ny language or symbol," except the debt collector's address and, in some cases, business name, may not be included "on any envelope." 15 U.S.C. § 1692f(8).

43. In other words, NO EXCEPTIONS.

44. Accordingly, MCM's inclusion of "TIME SENSITIVE DOCUMENTS" on the front of the envelope violates 15 U.S.C. § 1692f(8).

45. As alleged, Plaintiff instantly opened MCM's mail because it said "TIME SENSITIVE DOCUMENTS."

46. MCM has determined that it collects more from consumers by including "TIME SENSITIVE DOCUMENTS" on envelopes.

47. MCM's practice of including "TIME SENSITIVE DOCUMENTS" on envelopes mailed to consumers unfairly puts MCM ahead of other debt collectors.

48. On information and belief, MCM's research demonstrates that the least

5

sophisticated consumer is more likely to open letters sent in envelopes marked "TIME SENSITIVE DOCUMENTS" than envelopes that do not contain the words "TIME SENSITIVE DOCUMENTS."

49. Plaintiff may enforce the provisions of 15 U.S.C. § 1692d, d(5) and f(8) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE,** Plaintiff requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

c. Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II

### Florida Consumer Collection Practices Act (Fla. Stat. § 559.55 *et seq*.)

50. Paragraphs 13-32 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### a. Violation(s) of Fla. Stat. § 559.72(7)

51. Subsection 559.72(7) of the CCPA provides:

In collecting consumer debts, no person shall:

> (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

Fla. Stat. § 559.72(7).

52. Defendant violated Fla. Stat. § 559.72(7) by continuously calling Plaintiff to a degree that was conducted with such frequency that harassment was the only explanation.

53. Plaintiff may enforce the provisions of Fla. Stat. § 559.72(7) pursuant to Fla. Stat. § 559.77(2) which provides:

> Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.

**WHEREFORE**, Plaintiff requests the following relief:

a. a finding that Defendant violated Fla. Stat. §§ 559.72(7);

b. an award of actual damages sustained by Plaintiff as a result of Defendant's violation(s);

    c.    an award of additional statutory damages, as the Court may allow, but not exceeding $1,000.00;

    d.    an award of court costs and reasonable attorney's fees incurred by Plaintiff; and

    e.    an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: December 30, 2020        Respectfully submitted,

**APRIL M. BONILLA**

By: /s/ *Alexander J. Taylor*

Alexander J. Taylor, Esq.
Florida Bar No. 1013947
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
ataylor@sulaimanlaw.com